IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW RAMIREZ,

        Plaintiff,                  No. 2: 11-cv-0045 KJN P

    vs.

D. SWINGLE, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's October 5, 2011 motion to amend, along with his proposed amended complaint. Defendants have not opposed this motion.

        This action is proceeding on the original complaint filed January 5, 2011 as to defendants Medina and Swingle. Plaintiff alleges that in October 2009, he filed an administrative grievance alleging that defendant Swingle provided inadequate medical care. In particular, plaintiff claimed that defendant Swingle mismanaged plaintiff's insulin, which plaintiff takes for diabetes, and refused to provide plaintiff with physical therapy. Plaintiff alleges that defendant Swingle interviewed plaintiff regarding his administrative grievance in November 2009, and found that defendant Medina had not provided inadequate medical care. Plaintiff alleges that in December 2009, defendant Medina lowered plaintiff's pain medication

1  dosage and made changes to plaintiff's insulin dosage for no medical reason.

2  In the proposed amended complaint, plaintiff again names defendants Medina and
3  Swingle as defendants.  Plaintiff also names the following new defendants: Pomazal, Lee,
4  Napomuceno, Walker, Wrigley, Pomsend, Burgett, Zamora, Hammond, Fosten and Allen.
5  Plaintiff alleges that following his transfer to High Desert State Prison ("HDSP") in March 2009,
6  he received inadequate pain medication and was denied breathing treatments.  Plaintiff also
7  alleges that he was not referred to a high risk provider.  Plaintiff also alleges that he was not
8  given an egg crate mattress.  The proposed amended complaint does not contain the allegations
9  contained in the original complaint regarding the changes in plaintiff's insulin dosage and denial
10 of physical therapy.

11  The Federal Rules of Civil Procedure provide that a party may amend his or her
12 pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R.
13 Civ. P. 15(a).  "It is the law of this circuit that a plaintiff waives all claims alleged in a dismissed
14 complaint which are not realleged in an amended complaint." Forsyth v. Humana, Inc., 114 F.3d
15 1467 (9th Cir. 1997).  Thus, an amended or supplemental complaint supersedes the original
16 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended pleading is
17 filed, the original pleading no longer serves any function in the case.  Id.; see also E.D. Local
18 Rule 220.  Although the allegations of this pro se complaint are held to "less stringent standards
19 than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per
20 curiam), plaintiff will be required to comply with the Federal Rules of Civil Procedure and the
21 Local Rules of the Eastern District of California.

22  Although the proposed amended complaint contains no allegations regarding
23 defendants changing plaintiff's insulin dosage, it is clear that plaintiff did not intend to abandon
24 this claim.  On October 5, 2011, plaintiff filed a motion for injunctive relief concerning alleged
25 inadequate pain medication, breathing treatments and insulin dosage.
26 ////

Plaintiff's proposed amended complaint does not comply with Local Rule 220 because it does not contain plaintiff's claims regarding the alleged changes to his insulin dosage. For this reason, plaintiffs motion to amend is denied. If plaintiff files an amended complaint, it must include all claims against all defendants. Piecemeal amendment of complaints is not permitted.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for leave to amend (Dkt. No. 26) is denied.

DATED: November 16, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ram45.am