1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ANDREW RAMIREZ,

11                 Plaintiff,                    No. 2: 11-cv-0045 KJN P

12          vs.

13    D. SWINGLE, et al.,

14                 Defendants.              <u>ORDER</u>

15    _____/

16            Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action

17    pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' February 6, 2012 motion

18    for summary judgment.  For the following reasons, further briefing is ordered.

19            This action is proceeding on the original complaint filed January 5, 2011, as to

20    defendants Chief Medical Officer Swingle and Physician's Assistant Medina.

21             Plaintiff alleges that in October 2009, he filed an administrative grievance

22    alleging that defendant Medina did not provide him with adequate medical care.  In particular,

23    plaintiff alleged that defendant Medina had mismanaged plaintiff's diabetes and pain medicines

24    and had failed to provide him with physical therapy.  Plaintiff alleged that he required physical

25    therapy because he was confined to a wheelchair.  In November 2009, defendant Swingle

26    allegedly interviewed plaintiff regarding his grievance.  Plaintiff alleges that defendant Swingle

1

1   agreed with defendant Medina's mismanagement of his medical care.

2          Plaintiff alleges that on December 2, 2009, defendant Medina interviewed

3   plaintiff.  Plaintiff alleges that defendant Medina was very upset about the grievance plaintiff had

4   filed against him.  Plaintiff alleges that in retaliation, defendant Medina lowered plaintiff's pain

5   medication dosage and began making unnecessary changes to plaintiff's insulin dosages.

6          Defendants argue that defendant Medina did not act with deliberate indifference

7   to plaintiff's medical care because they prescribed the appropriate amount of insulin and pain

8   medication.  In support of the summary judgment motion, defendants provided the declaration of

9   defendant Medina.  In relevant part, defendant Medina states that on September 8, 2009, he

10  informed plaintiff that plaintiff was prescribed Lantus, Glipizide and Metformin to manage his

11  diabetes.  (Dkt. No. 37-7 at 2.)  Defendant also told plaintiff that he was prescribed 1.8 grams of

12  Gabapentin and 150 milligrams of Tramadol.  (Id.)  Defendant Medina states that his progress

13  notes from this examination are attached as Exhibit A to his declaration.  (Id.)

14         Exhibit A attached to defendant Medina's declaration (divided into Exhibits "A1"

15  and "A2") include Health Care Services Request Forms prepared by plaintiff.  (Dkt. Nos. 37-8 at

16  2-8; Dkt. No. 37-9 at 1-7.)  While these forms contain a section to be completed after the

17  patient's appointment, it appears that this section in all of these forms has been marked over so

18  that only a blank page remains.  (Id.)  In any event, exhibit A attached to defendant Medina's

19  declaration does not contain progress notes by defendant Medina from September 8, 2009.

20         In his declaration, defendant goes on to state that on September 21, 2009, he noted

21  that plaintiff was refusing diabetic care.  (Dkt. No. 37-7 at 3.)  Defendant states that he counseled

22  plaintiff on the importance of taking his diabetic medication.  (Id.)  Defendant states that at that

23  time, plaintiff was taking Lantus, Metformin and Glipizide for his diabetes.  (Id.)  Defendant also

24  states that plaintiff was prescribed 1.8 grams of Gabapentin and 150 milligrams of Tramadol for

25  pain.  (Id.)  Defendant states that attached as Exhibit B to his declaration are his progress notes

26  from the September 21, 2009 examination.  (Id.)

2

1    Exhibit B includes 16 pages of medical records.  (Dkt. No. 37-10.)   After

2   reviewing these records, the undersigned cannot locate the September 21, 2009 progress note

3   referred to by defendant Medina in his declaration.

4    In his declaration, defendant Medina goes on to state that on December 3, 2009,

5   he examined plaintiff.  (Dkt. 37-7 at 3.)  Defendant Medina states that during this examination,

6   he noted that plaintiff was prescribed Lantus, Glipizide and Metformin for his diabetes.  (Id.)

7   Defendant also noted that plaintiff was prescribed 1.8 grams of Gabapentin and 150 milligrams

8   of Tramadol.  (Id.)  Defendant states that his progress notes from this examination are attached as

9   Exhibit C to his declaration.  (Id.)

10    Exhibit C attached to defendant Medina's declaration contains 37 pages of

11   medical records.  In his declaration, defendant Medina does not identify where in these records

12   his December 3, 2009 progress notes are located.  After reviewing these records, the undersigned

13   cannot locate the December 3, 2009 progress note referred to by defendant Medina in his

14   declaration.

15    In his declaration, defendant Medina states that on December 21, 2009, he saw

16   plaintiff regarding plaintiff's refusal to take his diabetes medication.  (Dkt. No. 37-7 at 3.)

17   Defendant Medina states that at that time, plaintiff was still prescribed Lantus, Glipizide and

18   Metformin for diabetes.  (Id. at 4.)  Defendant Medina states that at that time, plaintiff was still

19   prescribed 1.8 grams of Gabapentin and 150 milligrams of Tramadol for pain.  (Id.)  Defendant

20   states that his progress notes from this examination are attached to his declaration as Exhibit D.

21   (Id.)

22    Exhibit D attached to defendant Medina's declaration includes 26 pages of

23   medical records.  (Dkt. No. 37-12.)  In his declaration, defendant Medina does not identify where

24   in these records his December 21, 2009 progress notes are located.  After reviewing these

25   records, the undersigned cannot locate the December 21, 2009 progress notes referred to in

26   defendant Medina's declaration.

1    In his declaration, defendant Medina states that on February 4, 2010 he examined

2    plaintiff. (Dkt. 37-7 at 4.)  Defendant Medina states that at that time, plaintiff was prescribed

3    Lantus, Glipizide and Metformin for his diabetes and Gabapentin and Tramadol for pain. (Id.)

4    Defendant states that his progress notes from this examination are attached to his declaration as

5    Exhibit E.  The court docket, as created by defendants, contains no Exhibit E.  However, attached

6    to Exhibit D are two pages of medical records with a stamp stating "Exhibit E." (Dkt. No. 37-12

7    at 24-25.)  Neither of these records contain defendant Medina's February 4, 2010 progress notes.

8    Defendant's Medina's declaration is not supported by the attached exhibits.

9    Defendant's summary judgment motion could be denied on this ground alone.  Nevertheless, in

10   the interests of justice, defendants are granted fourteen days to file an amended declaration by

11   defendant Medina which is supported by proper exhibits.

12   In permitting defendant Medina to file an amended declaration, the undersigned

13   notes that defendant Medina's current declaration does not discuss the dosages of diabetes

14   medication plaintiff was prescribed.  Because plaintiff alleges that defendant changed the dosage

15   of his diabetes medication, this matter should be addressed in the amended declaration.

16   Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of

17   this order, defendants shall file the supplemental briefing described above; plaintiff may file a

18   reply within fourteen days thereafter.

19   DATED:  May 23, 2012

20

21

22   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

23   ram45.fb

24

25

26

4