IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW RAMIREZ,

       Plaintiff,                    No. 2: 11-cv-0045 KJN P

   vs.

D. SWINGLE, et al.,

       Defendants.           ORDER

_____/

       Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motions for injunctive relief filed October 5, 2011 and January 20, 2012.  For the following reasons, further briefing is ordered.

       This action is proceeding on the original complaint filed January 5, 2011 as to defendants Medina and Swingle.  Plaintiff alleges that defendants mismanaged his insulin, refused to provide physical therapy and improperly lowered his dosage of pain medication.

       As relief in both pending motions, plaintiff requests that defendants be ordered to provide him with morphine or else to supplement or replace his discontinued tramadol and gabapentin.

////

On February 24, 2012, defendants filed an opposition to plaintiff's motions for injunctive relief. Attached as an exhibit to defendants' opposition is the declaration of Physician's Assistant ("P.A.") Miranda. P.A. Miranda states, in relevant part,

> 3. ...Presently I am Ramirez's primary care provider at the B Facility clinic at HDSP, and I last examined Ramirez on December 6, 2011. Attached as Exhibit A are my medical progress notes from my examinations of Ramirez dating back to July 8, 2011. These progress notes are medical records that I created during my examinations of Ramirez in the regular course of my business.
>
> 4. Currently, Ramirez is classified as a non-insulin dependent diabetic. Ramirez does not have a medical necessity for insulin, and he has not needed insulin for nearly a year. Ramirez's most recent blood sugar level results are within the normal range as his Hemoglobin A1C test results show that his Hemoglobin ALC level is at 5.5, which is well within the normal range for a non-insulin dependent diabetic.
>
> 5. Ramirez's body has responded well to my treatment plan, which included life-style modifications like a controlled diet and exercise. At this time, it would be extremely detrimental to Ramirez's health if I reinstated his insulin prescription. If Ramirez were to take insulin at this point, he would suffer from hypoglycemia. Hypoglycemia is a medical condition caused by too much insulin in the body. Hypoglycemia may cause seizures, damage to the nervous system, and insulin induced comas commonly referred to as insulin shock. In my medical opinion, Ramirez [is] receiving the appropriate treatment for his diabetes.
>
> 6. When Ramirez was first under my care, he was prescribed morphine to help him with his chronic pain. In my medical opinion, morphine was not an appropriate form of pain relief because of its habit-forming attributes. Ramirez has no medical need for chronic use of opiods such as morphine, when conservative measures are followed. Recently Ramirez has been prescribed Tylenol 3, which is Tylenol with codeine. Tylenol 3 helps to alleviate moderate to severe pain. In addition, Ramirez is prescribed oxcarbazepien, which helps relieve pain associated with Ramirez's diabetes; however, Ramirez has been refusing this treatment. In my medical opinion, Ramirez has been prescribed the appropriate medications to treat his chronic pain.
>
> 7. In December of 2010, the pharmacy at HDSP began transitioning to different formulary medications. This means that the pharmacy was beginning to change the brands of drugs that are available for prescription. For example, instead of carrying Tramadol and Gabapenten, we carry Tylenol 3 and Oxcarbazepien. Both of these drugs are medically acceptable substitutes for Tramadol and Gabapentin. By April of 2011, the pharmacy at HDSP stopped carrying Tramadol and Gabapentin.
>
> 8. For the past few months, Ramirez has insisted on following his own treatment plan and he has repeatedly refused to follow the CDCR pain guidelines on chronic pain management through administration of adjunct medications. In addition, Ramirez has exhibited strong traits of drug seeking and medical manipulation.

> For example, when I have observed Ramirez outside of the clinic he exhibits no outward appearance of pain. But during examinations, he constantly winces and groans as though he is in severe pain, until he is distracted. Furthermore, Ramirez has threatened me with lawsuits if he does not receive the drugs of his choice.

(Dkt. No. 38-1 at 1-3.)

Attached as exhibits to plaintiff's January 20, 2012 motion for injunctive relief are various administrative appeals reflecting plaintiff's past prescription for morphine. For example, second level appeal for appeal no. 11-61, signed by defendant Swingle on February 24, 2011, states that plaintiff was receiving 30 mg morphine tablets in the a.m. and 15 mg morphine tablets in the p.m. "which Dr. Hoffman found to be medically indicated." (Dkt. No. 35 at 36.) Also attached is a memorandum to plaintiff from the California Prison Health Care Services, Offices of Third Level Appeals, dated June 3, 2011. (Id. at 39.) This document states, "It has been verified by the HDSP Medical Department that you are currently prescribed Morphine and Tylenol for your pain issues." (Id. at 40.)

Defendants are ordered to provide further briefing addressing whether P.A. Miranda consulted with a medical doctor before discontinuing plaintiff's morphine. If P.A. Miranda consulted with a medical doctor, those records reflecting this consultation should be included with the further briefing. In particular, defendants shall address the grounds for the decision to discontinue plaintiff's morphine, which a medical doctor had prescribed as recently as June 2011. Defendants shall also address when the decision to discontinue the morphine was made.[1]

In the declaration, P.A. Miranda states that Tramadol and Gabapenten are no longer carried by the HDSP pharmacy. In a declaration filed on June 14, 2012 in Anderson v. Kelso, 12-261 MCE KJN P, HDSP Chief Medical Officer states that on June 8, 2012, the

---

[1] The undersigned has reviewed the progress notes attached to P.A. Miranda's declaration. It does not appear that these notes address the matters the undersigned requests further briefing on.

3

plaintiff in that case was prescribed Tramadol.[2]  (See 12-261, Dkt. No. 58-1 at 2.)  The undersigned requests that defendants in the instant case clarify whether Tramadol and or Gabapenten are available at HDSP at the present time.

   Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of this order, defendants shall file the further briefing discussed above.

DATED:  June 21, 2012

                /s/ Kendall J. Newman
                KENDALL J. NEWMAN
                UNITED STATES MAGISTRATE JUDGE

ram45.inj

---

[2]  Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

4